IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ADENA RAE SAVAGE,<br><br>Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CV 25-100-BLG-TJC<br><br>**ORDER** |

Plaintiff Adena Rae Savage ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 405(g) of the Social Security Act, requesting judicial review of the final administrative decision of the Commissioner of Social Security ("Commissioner") regarding the denial of her claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433, 1381-1383f. (Doc. 1.) The Commissioner subsequently filed the Administrative Record ("A.R."). (Doc. 10.)

Presently before the Court is Plaintiff's motion for summary judgment, seeking reversal of the Commissioner's denial of disability benefits and remand for further administrative proceedings. (Doc. 15.) The motion is fully briefed and ripe for the Court's review. (Docs. 21, 22.)

For the reasons set forth herein, and after careful consideration of the record and the applicable law, the Court finds the ALJ's decision should be **REVERSED** and **REMANDED** for further administrative proceedings.

## I. LEGAL STANDARDS

### A. Scope of Review

The Social Security Act allows unsuccessful claimants to seek judicial review of the Commissioner's final agency decision. 42 U.S.C. §§ 405(g), 1383(c)(3). The scope of judicial review is limited. The Court must affirm the Commissioner's decision unless it "is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). *See also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("We may reverse the ALJ's decision to deny benefits only if it is based upon legal error or is not supported by substantial evidence."); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

"Substantial evidence is more than a mere scintilla but less than a preponderance." *Tidwell*, 161 F.3d at 601 (citing *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997)). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Flaten*, 44 F.3d at 1457. In considering the record as a whole, the Court must weigh both the evidence that supports and detracts from the

ALJ's conclusions. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975). The Court must uphold the denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Flaten*, 44 F.3d at 1457 ("If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, the court may not substitute its judgment for that of the Secretary."). But even if the Court finds that substantial evidence supports the ALJ's conclusions, the Court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching a conclusion. *Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978) (quoting *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968)).

**B. Determination of Disability**

To qualify for disability benefits under the Social Security Act, a claimant must show two things: (1) the claimant suffers from a medically determinable physical or mental impairment that can be expected to last for a continuous period of twelve months or more, or would result in death; and (2) the impairment renders the claimant incapable of performing the work she previously performed, or any other substantial gainful employment which exists in the national economy. 42

U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A). A claimant must meet both requirements to be classified as disabled. *Id*.

The Commissioner makes the assessment of disability through a five-step sequential evaluation process. If an applicant is found to be "disabled" or "not disabled" at any step, there is no need to proceed further. *Ukolov v. Barnhart*, 420 F.3d 1002, 1003 (9th Cir. 2005) (quoting *Schneider v. Comm'r of the Soc. Sec. Admin*., 223 F.3d 968, 974 (9th Cir. 2000)). The five steps are:

1. Is claimant presently working in a substantially gainful activity? If so, then the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Is the claimant's impairment severe? If so, proceed to step three. If not, then the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).

5. Is the claimant able to do any other work? If so, then the claimant is not disabled. If not, then the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

*Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

Although the ALJ must assist the claimant in developing a record, the claimant bears the burden of proof during the first four steps, while the Commissioner bears the burden of proof at the fifth step. *Tackett v. Apfel*, 180 F.3d 1094, 1098, n.3 (citing 20 C.F.R. § 404.1512(d)). At step five, the Commissioner must "show that the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id*. at 1100 (quoting 20 C.F.R. § 404.1560(b)(3)).

## II. PROCEDURAL BACKGROUND

Plaintiff filed an application for disability insurance benefits and supplemental security income on March 29, 2021. (A.R. 251-53.) A hearing was held before Administrative Law Judge Bryan Henry (the "ALJ") on May 24, 2024. (A.R. 32-72.) On June 5, 2024, the ALJ issued a written decision finding Plaintiff not disabled. (A.R. 15-26.) Plaintiff requested review of the decision, and the Appeals Council denied Plaintiff's request. (A.R. 1-6.) Thereafter, Plaintiff filed the instant action. Plaintiff presents a single issue for review – whether the ALJ's step five findings are supported by substantial evidence.

### A. The ALJ's Findings

The ALJ followed the five-step sequential evaluation process in considering Plaintiff's claim. First, the ALJ found Plaintiff had not engaged in substantial

gainful activity since July 1, 2020. (A.R. 17.)

Second, the ALJ found that Plaintiff had the following medically determinable severe impairments: osteoarthritis of the bilateral knees, bilateral lower extremity edema, obesity, PTSD, depression, anxiety, and substance use disorder. (A.R. 17.)

Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any one of the impairments in the Listing of Impairments. (A.R. 18-20.)

Fourth, the ALJ concluded Plaintiff has the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally lift and carry 20 pounds, frequently 10 pounds; can sit for approximately six hours in an eight hour day; stand and walk for approximately four hours in an eight hour day; can occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; occasionally balance as a part of the job requirements; frequently stoop; occasionally crouch, kneel and crawl; can have only occasional exposure to extreme cold; can never work around unprotected heights or moving and/or dangerous machinery; must be allowed to elevate legs to foot stool height, defined as height that would not interfere with the workstation whenever sitting, and elevate to waist level or above during normal break and rest periods; limited to perform work that consists of only simple tasks; can have brief and superficial interaction with the public; occasional interaction with coworkers; and can deal with occasional changes in a routine work setting.

(A.R. 20-21.)

Fifth, the ALJ found that Plaintiff was unable to perform her past relevant work, but determined Plaintiff could perform other jobs in that exist in significant

numbers in the national economy. (A.R. 24-25.) Based on the vocational expert's testimony, the ALJ identified four representative occupations Plaintiff could perform: "office helper" (DOT 239.567-010, approximately 11,130 jobs nationally); "semi conductor bonder" (DOT 726.685-066, approximately 21,030 jobs nationally); "table worker" (DOT 739.687-182, approximately 32,699 jobs nationally); and "document specialist" (DOT 249.587-018, approximately 14,042 jobs nationally). (A.R. 25.) Thus, the ALJ found that Plaintiff was not disabled. (A.R. 26.)

**B. The Vocational Expert's Testimony**

At the hearing, the ALJ heard testimony from vocational expert Dr. Robin Cook. (A.R. 60-71.) The ALJ posed a hypothetical to Dr. Cook, asking if an individual with the same age, education, work experience, RFC and limitations as Plaintiff – including a limitation that the person would be limited to performing simple tasks – would be capable of performing work in the national economy. (A.R. 63-64.) Dr. Cook responded in the affirmative and cited three representative jobs; "office helper," "sewing machine operator," and "coin machine collector." (A.R. 64-65.) Dr. Cook identified the "office helper" and "sewing machine operator" jobs as "semi-skilled," with a Specific Vocational Preparation ("SVP") rating of 2. (*Id.*) The ALJ then posed an additional limitation to the hypothetical, relating to the need to elevate legs. (A.R. 66.) In response, Dr. Cook stated that

the "sewing machine operator" and "coin machine collector" jobs would be eliminated, leaving only the "office helper" position. (A.R. 66.) The ALJ, therefore, asked for additional jobs that would fit the revised hypothetical. (A.R. 66.) Dr. Cook identified "semi conductor bonder," "table worker," and "document specialist." (A.R. 67.) As with the other occupations, Dr. Cook identified all three additional jobs as "semi-skilled," with an SVP rating of 2. (*Id.*) Dr. Cook testified that in the national economy, there were 11,130 "office helper" jobs, 21,030 "semi-conductor bonder" jobs, 32,699 "table worker" jobs, and 14,042 "document specialist" jobs. (A.R. 64, 67.) Plaintiff's counsel elected not to question Dr. Cook, and did not raise any objections to the jobs numbers during the hearing. (A.R. 71.)

**C. Appeals Council Review**

After the ALJ denied Plaintiff's claim, she sought review of the decision by the Appeals Council. (A.R. 408-421.) Plaintiff argued the "document specialist" job identified by the vocational expert requires a level 3 reasoning according to the Dictionary of Occupational Titles ("DOT"). The position, therefore, conflicted with the RFC, which limited Plaintiff to work that is simple in nature. Plaintiff asserted that the ALJ failed to resolve this apparent conflict in the evidence.

Plaintiff also challenged the vocational expert's estimate of the number of jobs available in the national economy for the remaining occupations. Plaintiff's

counsel submitted contrary evidence he generated using SkillTRAN's Job Browser Pro and the same DOT codes cited by the vocational expert. (A.R. 409-21.) Plaintiff's evidence showed there were 5,293 "office helper" jobs, 10 "semi-conductor bonder" jobs, and 968 "table worker" jobs, for a total of 6,271 positions for the remaining occupations. Plaintiff's counsel submitted screenshots of the SkillTRAN Job Browser Pro showing these numbers. (*Id.*) He also described the process he used when entering data into the tool. (*Id.*) Thus, Plaintiff argued there was insufficient evidence to satisfy the ALJ's burden at step five to show that there are jobs existing in significant numbers in the national economy that Plaintiff could perform.

On June 4, 2025, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (A.R. 1-5.) In doing so, the Appeals Council noted that it had "considered the reasons" Plaintiff disagreed with the ALJ's decision, and made the "additional evidence" she submitted "part of the record." (A.R. 1, 5.)

## III. DISCUSSION

Plaintiff presents a single issue for review; whether the ALJ erred at step five in finding that she could perform other work that exists in significant numbers in the national economy. Plaintiff argues the ALJ's step five finding is not supported by substantial evidence. First, Plaintiff asserts the ALJ failed to resolve an apparent conflict between the vocational expert's testimony and the DOT.

Second, Plaintiff argues the error was not harmless because her rebuttal evidence shows the remaining occupations do not represent a significant number of jobs in the national economy.

As to the first point, Plaintiff points out that the vocational expert referred to all the representative jobs as "semi-skilled." Plaintiff argues this conflicted with their DOT classification of SVP-2, which is considered "unskilled" or simple work under Social Security Rule ("SSR") 00-4p, 2000 WL 1898704. In addition, Plaintiff points to an inconsistency between the reasoning level required for the job of "document specialist" (DOT 249.587-018) and the RFC determined by the ALJ. The ALJ determined Plaintiff was limited to performing "work that consists of only simple tasks." (A.R. 21.) But according to the DOT, the "document specialist" job under DOT 249.587-018 requires a "Level 3" reasoning. *See* DOT 249.587-018, at 1991 WL 672349.

These apparent conflicts required the ALJ to reconcile the inconsistencies before relying on the vocational expert's testimony. SSR 00-4p, 2000 WL 1898704. *See also Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015) (finding "there is an apparent conflict between the [RFC] to perform simple, repetitive tasks, and the demands of Level 3 Reasoning," and holding the ALJ erred in failing to reconcile the conflict); *N.L.B. v. Kijakazi*, 2022 WL 22879646, *6 (C.D. Cal. Aug. 16, 2022) (stating a vocational expert's testimony that the plaintiff could

perform the Document Preparer occupation (DOT 249.587-018) which requires a reasoning level of 3 pursuant to the DOT, when the plaintiff had the RFC to perform only simple tasks, created an apparent conflict which triggered the ALJ's duty to "elicit a reasonable explanation for the conflict before relying on the VE ... evidence to support a determination or decision about whether [Plaintiff] is disabled."). Accordingly, the ALJ erred by failing to resolve this conflict.

The Commissioner does not contest that the ALJ did not resolve the apparent inconsistencies in the vocational expert's testimony. But the Commissioner argues any error was harmless. The Commissioner contends that even excluding the "document specialist" job, the ALJ identified a sufficient number of other jobs Plaintiff could perform. The Commissioner further asserts Plaintiff forfeited her ability to challenge the jobs numbers before this Court because she did not raise the issue before the ALJ.

**A. Waiver**

The Court finds Plaintiff did not waive the job numbers issue. When a claimant wishes to challenge the factual basis of a vocational expert's job numbers, the claimant must "raise this challenge before administrative proceedings have concluded." *Shaibi v. Berryhill*, 883 F.3d 1102, 1103 (9th Cir. 2017). The Ninth Circuit has explained that this means the issue needs to be raised "at some point during administrative proceedings." *Id.* The claimant only forfeits the issue if she

fails to present the jobs numbers issue "before the ALJ *or* the Appeals Council." *Id.* at 1109 (emphasis in original). Thus, the claimant is not necessarily required to raise the issue before the ALJ.

As the Ninth Circuit has recognized, "[a] disability claimant has the right to submit evidence to the Appeals Council that was not submitted to the ALJ, provided there is 'good cause' for not having submitted the evidence earlier." *White v. Kijakazi*, 44 F.4th 828, 836 (9th Cir. 2022). The Ninth Circuit has also recognized that "a claimant will rarely, if ever, be in a position to anticipate the particular occupations a VE might list and the corresponding job numbers to which a VE might testify at a hearing." *Id.* (citing *Shaibi*, 882 F.3d at 1110). Thus, the Ninth Circuit has held that when the Appeals Council's order states it "considered" the claimant's reasons and made her additional evidence "part of the record," it indicates that the "good cause" requirement is satisfied, and the evidence becomes part of the record that the district court may consider on appeal. *Id.* at 836-37.

Here, Plaintiff raised the job numbers issues before the Appeals Council, and the evidence was made part of the record. (A.R. 1-5.) Accordingly, Plaintiff preserved the issue for review, because it was raised during the course of the administrative proceedings. *White*, 44 F.4th at 835; *Lamear v. Berryhill*, 865 F.3d 1201 (9th Cir. 2017) (finding claimant did not waive challenge to vocational

expert's testimony where the claimant raised the issue to the Appeals Council). The Court will, therefore, address the merits of Plaintiff's argument.

**B. Step Five Determination**

At step five, the ALJ must determine whether there are a significant number of jobs in the national economy that a person with the claimant's limitations, age, education, and experience can perform. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ may seek guidance from a vocational expert to make this determination. 20 C.F.R. §§ 416.960(b), 416.966(e). A vocational expert's testimony is generally considered "inherently reliable," and thus, is "ordinarily sufficient by itself to support an ALJ's step-five finding." *Ford v. Saul*, 950 F.3d 1141, 1160 (9th Cir. 2020). But the vocational expert's testimony is "not incontestable." *Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017). If a claimant disagrees with the vocational expert's job-number testimony, the claimant may submit competing job-number evidence. *Powley v. Bisignano*, 169 F.4th 1158, 1161 (9th Cir. 2026).

Courts "consider on a case-by-case basis whether the new evidence submitted by a claimant is 'meritless or immaterial' or has 'significant probative' value. *Powley*, 169 F.4th at 1166 (citing *Wischmann v. Kijakazi*, 68 F.4th 498, 506 (9th Cir. 2023)). If the evidence is significant and probative, the court "must remand to the ALJ to address the inconsistency in the record evidence." *Id.* The

Ninth Circuit recently noted that courts generally address "whether counter evidence is probative before looking to whether the counter evidence is significant." *Powley*, 169 F.4th at 1166.

Counter job-number evidence is probative if it "was produced using data sources and methodologies frequently relied on by the SSA." *Powley*, 169 F.4th at 1167. Here, Plaintiff's counsel used SkillTRAN Job Browser Pro and data from the Bureau of Labor Statistics to produce the counter job-numbers evidence. (A.R. 408-21.) These are the same data sources and methodology that the Ninth Circuit has held are "frequently relied upon by the SSA." *White v. Kijakazi*, 44 F.4th 828, 837 (9th Cir. 2022). *See also Powley*, 169 F.4th at 1163 n.1 (noting "SkillTRAN, and its 'flagship program,' Job Browser Pro, is a reliable source used by VEs and the SSA in estimating the number of relevant jobs in the national economy."). Further, Plaintiff's counsel explained the step-by-step method by which he produced the counter job-numbers evidence using these tools, and submitted screenshots documenting his process. Thus, the Court finds Plaintiff's counter evidence is probative. The question then turns to whether the evidence is significant.

The significance of counter job-numbers evidence is determined by examining the "measure of the discrepancy between the VE's estimates (upon which the ALJ relied to render the step-five finding) and the claimant's estimates."

*Powley*, 169 F.4th at 1169 (citing *Wischmann*, 68 F.4th at 505). Here, there is a wide discrepancy between Plaintiff's job-numbers and the vocational expert's job-numbers. The vocational expert testified, for example, that there were 11,130 "office helper" jobs in the national economy, but Plaintiff's evidence shows there are about half that amount, or 5,293 "office helper" jobs. (*Compare* A.R. 64 *with* 416.) The vocational expert also stated 21,030 "semi-conductor bonder" jobs and 32,699 "table worker" jobs exist, whereas Plaintiff identified only 10 "semi-conductor bonder" jobs and 968 "table worker" jobs. (*Compare* A.R. 67 *with* 411, 413.) In total, the vocational expert identified 64,859 jobs, yet Plaintiff identified just 6,271, which is far less than the 25,000 threshold the Ninth Circuit has found "substantial." *See Gutierrez v. Comm'r Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014 ) (stating 25,000 jobs in the national economy "presents a close call" but was sufficient to "represent[] a significant number of jobs" in the national economy). Accordingly, the Court finds Plaintiff's job-numbers evidence is significant.

Because the Commissioner never addressed and resolved the discrepancy between the job-numbers evidence offered by the vocational expert and Plaintiff, this matter must be remanded to ALJ to address the inconsistency in the record evidence. *White*, 44 F.4th at 837 (remanding to allow ALJ to consider competing job-number estimates where the plaintiff had submitted the counter jobs evidence to the Appeals Council).

## IV. CONCLUSION

Based on the foregoing, **IT IS ORDERED** that the Commissioner's decision be **REVERSED** and this matter be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

DATED this 14th day of September, 2026.

TIMOTHY J. CAVAN
United States Magistrate Judge